Filed 7/2/24  P. v. Renteria CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>HENRY RENTERIA,<br><br>Defendant and Appellant. | F087459<br><br>(Super. Ct. No. F23908127)<br><br>**OPINION** |

-ooOoo-

**THE COURT**<sup>*</sup>

APPEAL from a judgment of the Superior Court of Fresno County.  William Terrence, Judge.

Richard Jay Moller, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

<sup>*</sup> Before Poochigian, Acting P. J., Detjen, J. and Smith, J.

Defendant Henry Renteria appeals from a January 9, 2024 judgment of the Fresno County Superior Court. Following independent review of the record pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*), we affirm the judgment.

## BACKGROUND[1]

On September 8, 2023, the victim reported fraudulent activity on his checking account. He advised law enforcement he had been waiting for a new debit card in the mail, but the card never arrived. Later, on an account statement, the victim identified transactions made in Fresno and Clovis during a period when he was out of town. Video surveillance showed defendant using the victim's debit card to withdraw money from the bank and make a $647.46 purchase at a hardware store.

Defendant was charged with identity theft (Pen. Code, § 530.5, subd. (a) [count 1]) and fraudulent use of an access card (*id.*, § 484g, subd. (a) [count 2]). He pled no contest to count 1 pursuant to *People v. West* (1970) 3 Cal.3d 595 and—at the prosecution's request—count 2 was dismissed. Defendant was sentenced to the middle term of two years.

## DISCUSSION

Defendant's appellate counsel filed an opening brief that provides a "Statement of the Case" and a "Statement of the Facts" (boldface & some capitalization omitted); raises no specific issues; and requests an independent review of "the entire record on appeal in this case." (See *Wende*, *supra*, 25 Cal.3d at pp. 441–442.) The brief further declares defendant was advised of his right to file a supplemental brief. In a letter dated April 12,

---

[1] A written opinion in a *Wende* appeal "must provide a brief description of the underlying facts, the procedural history, the crimes of which the defendant was convicted, and the punishment imposed." (*People v. Kelly* (2006) 40 Cal.4th 106, 124.) In the instant case, the appellate record is limited to the clerk's transcript, the reporter's transcript, and the probation officer's report. Only the probation officer's report, which summarized the pertinent police report, provided the underlying facts.

2024, we invited defendant to submit said brief within 30 days. Defendant never responded. To date, no additional briefing has been received.

After an independent review of the record, we find no arguable error that would result in a disposition more favorable to defendant.

## **DISPOSITION**

The judgment is affirmed.